1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11   LAURA HOLM,                    )
                                    )
12              Plaintiff,          )      No. C08-4535 BZ
                                    )
13        v.                        )      **ORDER SCHEDULING**
                                    )      **JURY TRIAL AND**
14   COUNTY OF MENDOCINO, et al.,)         **PRETRIAL MATTERS**
                                    )
15                                  )
                Defendant(s).       )
16   ─────────────────────────────)

17        Following the Case Management Conference, **IT IS HEREBY**

18   **ORDERED** that the Joint Case Management Statement is adopted,

19   except as expressly modified by this Order.  It is further

20   **ORDERED** that:

21   1.   <u>DATES</u>

22   Trial Date: **Monday, 1/25/2010, 7 days**

23   Pretrial Conference: **Tuesday, 12/22/2009, 4 p.m.**

24   Last Day to Hear Dispositive Motions: **Wednesday, 11/18/2009**

25   Last Day for Expert Discovery: **Friday, 10/9/2009**

26   Last Day for Rebuttal Expert Disclosure: **Friday, 10/2/2009**

27   Last Day for Expert Disclosure: **Friday, 9/25/2009**

28   Close of Non-expert Discovery: **Friday, 9/18/2009**

                                    1

2.    <u>DISCLOSURE AND DISCOVERY</u>

The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions.  Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute.  Exchanging letters or telephone messages about the dispute is insufficient.  The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a letter filed electronically not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute.  Other parties shall reply in similar fashion within two days of receiving the letter requesting the conference.  The Court will contact the parties to schedule the conference.

3.    <u>MOTIONS</u>

Consult Civil Local Rules 7-1 through 7-5 and this

Court's standing orders regarding motion practice.  Motions
for **summary judgment** shall be accompanied by a statement of
the material facts not in dispute supported by citations to
admissible evidence.  The parties shall file a joint statement
of undisputed facts where possible.  If the parties are unable
to reach complete agreement after meeting and conferring, they
shall file a joint statement of the undisputed facts about
which they do agree.  Any party may then file a separate
statement of the additional facts that the party contends are
undisputed.  A party who without substantial justification
contends that a fact is in dispute is subject to sanctions.

      If plaintiff intends to file a cross-motion for summary
judgment, plaintiff shall file her motion in conjunction with
her opposition to defendants' motion.

      In addition to **lodging** a Chambers copy of all papers, a
copy of all briefs shall be e-mailed in WordPerfect or Word
format to the following address: bzpo@cand.uscourts.gov.

4.   MEDIATION

      By agreement of the parties, it is hereby ordered that
this matter is referred to the ADR Department to schedule a
mediation to be completed by **June 1, 2009**, if possible.  The
parties shall promptly notify the Court whether the case is
resolved at the Mediation.

5.   SETTLEMENT

      This case is referred for assignment to a Magistrate
Judge to conduct a settlement conference in **September or
October 2009** in the event the case is not resolved at the
Mediation.  Counsel will be contacted by that judge's chambers

1  with a date and time for the conference.

2  6.   <u>PRETRIAL CONFERENCE</u>

3       Not less than thirty days prior to the date of the

4  pretrial conference, the parties shall meet and take all steps

5  necessary to fulfill the requirements of this Order.

6       Not less than twenty-one days prior to the pretrial

7  conference, the parties shall: (1) serve and file a joint

8  pretrial statement, containing the information listed in

9  **Attachment 1**, and a proposed pretrial order; (2) serve and

10 file trial briefs, <u>Daubert</u> motions, motions *in limine*, and

11 statements designating excerpts from discovery that will be

12 offered at trial (specifying the witness and page and line

13 references); (3) exchange exhibits, agree on and number a

14 joint set of exhibits and number separately those exhibits to

15 which the parties cannot agree; (4) deliver all marked trial

16 exhibits directly to the courtroom clerk, Ms. Voltz; (5)

17 deliver one <u>extra</u> set of all marked exhibits directly to

18 Chambers; and (6) submit all exhibits in three-ring binders.

19 Each exhibit shall be marked with an exhibit label as

20 contained in **Attachment 2**.  The exhibits shall also be

21 separated with correctly marked side tabs so that they are

22 easy to find.

23      No party shall be permitted to call any witness or offer

24 any exhibit in its case in chief that is not disclosed at

25 pretrial, without leave of Court and for good cause.

26      Lead trial counsel for each party shall meet and confer

27 in an effort to resolve all disputes regarding anticipated

28 testimony, witnesses and exhibits.  All <u>Daubert</u> motions,

4

1   motions *in limine*, and objections will be heard at the
2   pretrial conference.  Not less than eleven days prior to the
3   pretrial conference, the parties shall serve and file any
4   objections to witnesses or exhibits or to the qualifications
5   of an expert witness.  Oppositions shall be filed and served
6   not less than eleven days prior to the conference.  There
7   shall be no replies.

8       Not less than twenty-one days prior to the pretrial
9   conference the parties shall serve and file requested voir
10  dire questions, jury instructions, and forms of verdict.  The
11  following jury instructions from the *Manual of Model Civil*
12  *Jury Instructions for the Ninth Circuit* (2007 ed.) will be
13  given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11,
14  3.1-3.3.  Do not submit a copy of these instructions.  Counsel
15  shall submit a joint set of case specific instructions.  Any
16  instructions on which the parties cannot agree may be
17  submitted separately.  The Ninth Circuit Manual should be used
18  where possible.  Each requested instruction shall be typed in
19  full on a separate page with citations to the authority upon
20  which it is based.  Proposed jury instructions taken from the
21  Ninth Circuit Manual need only contain a citation to that
22  source.  Any modifications made to proposed instructions taken
23  from a manual of model instructions must be clearly indicated.
24  In addition, all proposed jury instructions should conform to
25  the format of the Example Jury Instruction attached to this
26  Order.  Not less than eleven days prior to the pretrial
27  conference, the parties shall serve and file any objections to
28  separately proposed jury instructions.

1    Jury instructions that the Court has given in prior cases

2    may be downloaded from the Northern District website at

3    **http:\\www.cand.uscourts.gov**.  (Instructions are located on

4    the "Judge Information" page for Magistrate Judge Zimmerman).

5    The Court will generally give the same instructions in cases

6    involving similar claims unless a party establishes, with

7    supporting authorities, that the instruction is no longer

8    correct or that a different instruction should be given.  CACI

9    instructions generally will be given instead of BAJI

10   instructions.

11   A copy of all pretrial submissions, except for exhibits,

12   shall be e-mailed in WordPerfect or Word format to the

13   following address: bzpo@cand.uscourts.gov.

14   At the time of filing the original with the Clerk's

15   Office, two copies of all documents (but only one copy of the

16   exhibits) shall be delivered directly to Chambers (Room 15-

17   6688).  Chambers' copies of all pretrial documents shall be

18   three-hole punched at the side, suitable for insertion into

19   standard, three-ring binders.

20   Dated: February 10, 2009

21

22                    Bernard Zimmerman

23                    United States Magistrate Judge

24

25   G:\BZALL\-BZCASES\HOLM V. CTY. OF MENDOCINO\SCHEDULING ORDER.wpd

26

27

28

## ATTACHMENT 1

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A)  Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B)  Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A)  Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B)  Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C)  Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D)  Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have

made to resolve disputes over anticipated testimony, exhibits and witnesses.

        (A)   Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

        (B)   Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

        (C)   Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission. Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

        (D)   Further Discovery or Motions. A statement of all remaining motions, including <u>Daubert</u> motions.

    (4) **Trial Alternatives and Options.**

        (A)   Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

        (B)   Amendments, Dismissals. A statement of requested or

8

                         proposed amendments to
                         pleadings or dismissals of
                         parties, claims or defenses.

              (C)   Bifurcation, Separate Trial of
                    Issues. A statement of whether
                    bifurcation or a separate
                    trial of specific issues is
                    feasible and desired.

         (5) **Miscellaneous.**

    Any other subjects relevant to the trial of the action,
or material to its just, speedy and inexpensive
determination.

**ATTACHMENT 2**

**USDC**
Case No. CV08-04535 BZ
**JOINT** Exhibit No._____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04535 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04535 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No.  CV08-04535 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No.  CV08-04535 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04535 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04535 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04535 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04535 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04535 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04535 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04535 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____